# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES DAVID OWENBY, | : | PRISONER CIVIL RIGHTS |
| GDC ID 1253921, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:16-CV-4381-WSD-CMS |
| GEORGIA DEPARTMENT OF | : | |
| CORRECTIONS, et al., | : | |
|     Defendants. | : | |

## FINAL REPORT AND RECOMMENDATION

State inmate James David Owenby has filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 and an Affidavit in Support of Request to Proceed *In Forma Pauperis* ("IFP"). *See* [1] & [2].

As an initial matter, it is noteworthy that Owenby's IFP affidavit is incomplete because it does not include "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner *for the six-month period immediately preceding the filing of the complaint* or appeal, *obtained from* the appropriate official of *each prison* at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2) (emphasis added). This requirement was explicitly pointed out to Owenby in a prior case. *See Owenby v. Cobb. Cty. Jail*, No. 1:16-CV-3884-WSD (N.D. Ga. 2015) [2

therein]. Nevertheless, Owenby's latest IFP application once again omits trust fund account statements covering the entire six-month period preceding filing. *See* [2] at 4.

Because Owenby has not complied with the requirements of § 1915(a)(2), his IFP application is **DENIED WITHOUT PREJUDICE**.

More significantly, it appears that Owenby has filed this case in the wrong court. In sum: Owenby complains that prison officials at the Georgia Diagnostic and Classification Prison in Butts County did not provide him with a wheelchair when he arrived there or for the following five weeks. *See* [1] at passim. However, no defendant named by Owenby resides in the Northern District of Georgia, and none of the events alleged by him is said to have occurred in this district. *See* [1]. Thus, it appears that venue does not lie in this Court. *See generally* 28 U.S.C. § 1391(b).

Because Owenby will, at a minimum, need to complete and file a new IFP application before he may proceed further in any court, the undersigned concludes that dismissal rather than transfer best serves the interests of justice and **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1406(a).

Owenby may refile his complaint in an appropriate federal district court when he is also prepared to submit a complete IFP application, with *all* required signatures, certifications, and attachments.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO ORDERED, RECOMMENDED, AND DIRECTED**, this 9th day of February, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE