**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JAMES DAVID OWENBY,** | |
| **Plaintiff,** | |
| v. | **1:16-cv-04381-WSD** |
| **GEORGIA DEPARTMENT OF CORRECTIONS, et al.,** | |
| **Defendants.** | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Catherine M. Salinas' Final Report and Recommendation [3] ("R&R"), recommending this action be dismissed for improper venue.

**I.   BACKGROUND**

On November 7, 2016, Plaintiff James David Owenby ("Plaintiff") filed his complaint for civil rights violations pursuant to 42 U.S.C. § 1983 [1] ("Complaint") and an Affidavit in Support of Request to Proceed *In Forma Pauperis* [2] ("IFP Application"). Plaintiff alleges that prison officials at Georgia Diagnostic and Classification Prison, in Butts County, did not provide Plaintiff with a wheelchair for five weeks. (Compl. at 3-4). Butts County lies within the Middle District of Georgia.

On February 9, 2017, the Magistrate Judge issued her R&R.  In it, she recommends the Court dismiss this action because (i) Plaintiff does not allege that any defendants reside in the Northern District of Georgia and (ii) Plaintiff does not allege that any events occurred in this district.  The Magistrate Judge found that "dismissal rather than transfer best serves the interests of justice" because Plaintiff "will, at a minimum, need to complete and file a new IFP application before he may proceed further in any other court. . . ."  (R&R at 2).  The Magistrate Judge denied without prejudice Plaintiff's IFP Application because it did not include a certified copy of the trust fund account statement.  See 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined.")

**II.    DISCUSSION**

    A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1);

Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  The parties do not object to the R&R, and the Court thus conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

    B.    Analysis

A civil action may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

    The Magistrate Judge found that venue is not proper in this Court because (i) Plaintiff did not allege that any defendant resides in this district and (ii) Plaintiff's Complaint concerns conduct that took place at Georgia Diagnostic and Classification Prison, which lies in the Middle District of Georgia.  The Magistrate Judge recommends this action be dismissed for improper venue.  The Court finds

no plain error in this finding and recommendation.  <u>Slay</u>, 714 F.2d at 1095.

Accordingly, this action is dismissed without prejudice.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas' Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for failure to allege proper venue.

**SO ORDERED** this 2nd day of March, 2017.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE